UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO. 5:24-cv-00004-FDW

| | |
|---|---|
| HORACE KERSEY, ) | |
| Plaintiff, ) | |
| vs. ) | **ORDER** |
| CATAWBA VALLEY MEDICAL ) | |
| CENTER, ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on Plaintiff's response [Doc. 15] to the Court's Order [Doc. 14], Plaintiff's Motion to Subpoena Records [Doc. 9], and initial review of Plaintiff's Complaint [Doc.1] pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I. BACKGROUND

The incarcerated *pro se* Plaintiff filed the Complaint pursuant to 42 U.S.C. § 1983 on December 22, 2023,[1] addressing medical treatment he allegedly received at Catawba Valley Medical Center in 2015 while he was incarcerated at Alexander Correctional Institution ("Alexander") in Taylorsville, North Carolina. [Docs. 1, 1-1]. Plaintiff names as Defendants the Catawba Valley Medical Center, "Dr. staff nurses, shift leaders, RN, [and] LPN" in their official capacities and the North Carolina Department of Adult Corrections (NCDOC) and the "Warden and all staff on shift the day of incident" in their individual and official capacities. [Id. at 2]. Plaintiff alleges as follows:

> I was at Alexander Correctional in NC [in 2015]. Had to be taken out for surgery to Cawtaba Hospital had to have two surgerys, then

---

[1] See Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prison mailbox rule); Lewis v. Richmond City Police Dep't, 947 F.2d 733 (4th Cir. 1991) (applying the prison mailbox rule to a § 1983 case).

> facility messed up as well as hospital. Medical Negligence, and
> medical Malpractice on the Hospital.
> …
> They left material inside after surgery. Facility errored by placing
> me in reg. pop. And still had tube in me.

[Id. at 5 (errors uncorrected)]. Plaintiff claims that Defendants violated his Fifth and Eighth Amendment rights and also appears to assert a claim for medical negligence. [Id. at 4-5]. For injuries, Plaintiff alleges to have suffered back injury, that a "cap [was] left inside," and that "swelling [is] coming back." For relief, Plaintiff seeks $65 million. [Id. at 5].

Because it appears that Plaintiff's Complaint is barred by North Carolina's three-year limitations period for personal injury actions, the Court ordered Plaintiff to explain why his § 1983 Complaint is timely. [Doc. 14]. Plaintiff's response is now before the Court. Plaintiff argues that his Complaint is timely because he "has on going medical procedure … that stemmed from original surgery" and that "Defendant performed two procedure's on [him] and left a piece in [his] back." [Doc. 15 at 1]. Plaintiff also states he has to have another surgery. [Id.]. Plaintiff argues the limitations period is "null and void, due to the on going medical issues and up coming third surgery." [Id. at 2 (errors uncorrected)].

The statute of limitations for § 1983 claims is borrowed from the applicable state's statute of limitations for personal injury actions. See Wallace v. Kato, 549 U.S. 384, 387 (2007); Tommy Davis Constr., Inc. v. Cape Fear Pub. Util. Auth., 807 F.3d 62, 66-67 (4th Cir. 2015). Section 1983 claims arising in North Carolina are governed by the three-year period for personal injury actions. See N.C. Gen. Stat. § 1-52(16); Nat'l Adv. Co. v. City of Raleigh, 947 F.2d 1158, 1162 n.2 (4th Cir. 1991). Although the limitations period for § 1983 claims is borrowed from state law, the time for accrual of an action is a question of federal law. Wallace, 549 U.S. at 388. "A Section 1983 claim of deliberate indifference ordinarily accrues when a plaintiff becomes aware or has

2

reason to know of the harm inflicted." DePaola v. Clarke, 884 F.3d 481, 486 (4th Cir. 2018) (citing TwoRivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999)). When a harm has occurred more than once in a continuing series of acts or omissions, a plaintiff under certain circumstances may allege a "continuing violation" for which the statute of limitations runs anew with each violation. Id. at 487 (citation omitted). "[T]o assert a Section 1983 claim for deliberate indifference under the 'continuing violation' doctrine, a plaintiff must (1) identify a series of acts or omissions that demonstrate deliberate indifference to his serious medical need(s); and (2) place one or more of these acts or omission within the applicable statute of limitations for personal injury." Id. "Thus, this principle does not apply to claims that are based on 'discrete acts of unconstitutional conduct,' or those that fail to identify acts or omissions within the statutory limitation period that are a component of the deliberate indifference claim." Id. (quoting Shomo v. City of N.Y., 579 F.3d 176, 182 (2d Cir. 2009)).

A state cause of action for medical negligence accrues "at the time of the occurrence of the last act of the defendant giving rise to the cause of action" and is subject to a four-year statute of repose for non-apparent injuries. N.C.G.S. § 1-15(c). Section 1-15(c) also provides, however, that a person seeking damages for a foreign object left in the body with no therapeutic or diagnostic purpose may commence such action "within one year after discovery thereof … but in no event may the action be commenced more than 10 years from the last act of the defendant giving rise to the cause of action." Id.

In North Carolina, under the continuing course of treatment doctrine, however, a cause of action does not accrue until the conclusion of the physician's treatment of the patient, so long as the patient has remained under the continuous treatment of the physician for the injuries which gave rise to the cause of action. Stallings v. Gunter, 99 N.C. App. 710, 714, 394 S.E.2d 212, 215,

3

disc. rev. denied, 327 N.C. 638, 399 S.E.2d 125 (1990). It is not necessary that the treatment rendered subsequent to the negligent act be negligent if the physician continued to treat the patient for the disease or condition created by the original act of negligence. Id. at 714–15, 394 S.E.2d at 215. "Because the 'continuing course of treatment' doctrine affects determination of the accrual date, and the accrual date under § 1-15(c) is that starting date for the running of the statute of limitation and statute of repose, it is correct to use the 'continuing course of treatment' doctrine to determine the start date for running of the statute of repose. It is only by using the doctrine that a court can determine defendant's relevant 'last act.'" Stallings, 99 N.C. App. at 715, 394 S.E.2 at 216 (internal quotation marks omitted).

Here, Plaintiff's allegations and pending response, while incredibly sparse, raise the faint possibility of application of both the 10-year foreign body limitations period and/or the continuing course of treatment doctrine as to his medical negligence claims against the healthcare provider Defendants. The Court, therefore, will conduct an initial review of Plaintiff's Complaint rather than dismiss it as untimely on its face.

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether the Complaint raises an

4

Case 5:24-cv-00004-FDW   Document 16   Filed 03/01/24   Page 4 of 8

indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166, 143 S.Ct. 1444 (2023). Plaintiff purports to state claims under the Fifth and Eighth Amendments and for medical negligence.[2] Plaintiff's Complaint fails initial review for several reasons.

Plaintiff attempts to name the NCDOC as a Defendant. However, "neither a state nor its officials acting in their official capacities are 'persons' under § 1983." Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). Therefore, the NCDOC is not a "person" under § 1983. See Fox v. Harwood, 2009 WL 1117890, at *1 (W.D.N.C. April 24, 2009). Plaintiff's claims against NCDOC are, therefore, dismissed with prejudice.

Plaintiff purports to sue the "Warden and all staff on shift the day of incident" at Alexander, who are state officials, in their individual and official capacities. However, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the

---

[2] Because Plaintiff's allegations do not implicate the Fifth Amendment, the Court declines to further address this claim. It will be dismissed.

5

official's office." Will v. Dep't of State Police, 491 U.S. 58, 71 (1989). Because a state is not a "person" under § 1983, state officials acting in their official capacities cannot be sued for damages thereunder. Allen v. Cooper, No. 1:19-cv-794, 2019 WL 6255220, at *2 (M.D.N.C. Nov. 22, 2019). Furthermore, the Eleventh Amendment bars suits for monetary damages against the State of North Carolina and its various agencies. See Ballenger v. Owens, 352 F.3d 842, 844-45 (4th Cir. 2003). As such, Plaintiff's claims against Defendants in their official capacities do not survive initial review and will be dismissed.

Claims under 42 U.S.C. § 1983 based on an alleged lack of or inappropriate medical treatment fall within the Eighth Amendment's prohibition against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To state a claim under the Eighth Amendment, a plaintiff must show a "deliberate indifference to serious medical needs" of the inmate. Id. "Deliberate indifference requires a showing that the defendants actually knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and ignored a detainee's serious need for medical care." Young v. City of Mt. Ranier, 238 F.3d 567, 575-76 (4th Cir. 2001) (citations omitted).

To be found liable under the Eighth Amendment, a prison official must know of and consciously or intentionally disregard "an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994); Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998). "[E]ven if a prison doctor is mistaken or negligent in his diagnosis or treatment, no constitutional issue is raised absent evidence of abuse, intentional mistreatment, or denial of medical attention." Stokes v. Hurdle, 393 F. Supp. 757, 762 (D. Md. 1975), aff'd, 535 F.2d 1250 (4th Cir. 1976).

A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for

a doctor's attention." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (internal quotation marks omitted). An official acts with deliberate indifference if he had actual knowledge of the prisoner's serious medical needs and the related risks but nevertheless disregards them. DePaola v. Clarke, 884 F.3d 481, 486 (4th Cir. 2018). The prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.

Taking Plaintiff's allegations as true and giving him the benefit of every reasonable inference, he has nonetheless failed to state a claim under the Eighth Amendment against the unidentified prison official Defendants. Plaintiff alleges only that the "Facility errored by placing me in reg. pop." after his 2015 surgery. These allegations are woefully insufficient to state a claim against any prison official under the Eighth Amendment. Moreover, to establish liability under 42 U.S.C. § 1983, a plaintiff must show that the defendants "acted personally" to cause the alleged violation. See Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (citation omitted). As such, the doctrine of respondeat superior does not apply in actions brought under § 1983. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). In this regard, Plaintiff's allegations against all Defendants – and particularly the Warden – necessarily fail because Plaintiff makes no allegations of personal participation against any of them. Finally, while Plaintiff's claims against his healthcare provider(s) at the Catawba Valley Medical Center may be saved by the North Carolina 10-year foreign object limitations period and/or the continuing course of treatment doctrine, he failed to show how his Eighth Amendment deliberate indifference claims against the Alexander official Defendants are timely. For all these reasons, the Court will dismiss Plaintiff's individual capacity constitutional claims against the prison official Defendants.

7

Case 5:24-cv-00004-FDW   Document 16   Filed 03/01/24   Page 7 of 8

As to Plaintiff's state law medical negligence claims against Catawba Valley Medical Center and the unidentified healthcare providers employed there, the Court declines to exercise supplemental jurisdiction, as no federal claim has passed initial review. See Artis v. Dist. Of Columbia, 138 S.Ct. 594, 595 (2018) (when a district court dismisses all claims independently qualifying for the exercise of federal jurisdiction, it "ordinarily dismiss[es] all related state claims."); 28 U.S.C. § 1367(c)(3). Accordingly, such claims are dismissed without prejudice to Plaintiff raising them in state court.

**IV. CONCLUSION**

For the reasons stated herein, the Court will dismiss Plaintiff's Complaint without prejudice only as to Plaintiff raising his state law claim(s) in state court. The Court will deny Plaintiff's motion to subpoena records as moot.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint [Doc. 1] is **DISMISSED WITH PREJUDICE** in accordance with the terms of this Order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Subpoena Records [Doc. 9] is **DENIED** as moot.

The Clerk is instructed to terminate this action.

_____
Frank D. Whitney
United States District Judge